1  Stacey Lee
2  staceylee121281@gmail.com
3  1800 E Old Ranch Rd Apt 126
4  Colton, CA 92324
5  213-278-2243
6  Plaintiff (Pro Se)



FILED
CLERK, U.S. DISTRICT COURT
05/08/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNTIED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Stacey Lee
Plaintiff,
V.                                CASE #   5:25-cv-01137-KK(SHKx)
Customer Care Global
Defendant,

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiff Stacey Lee brings this action against Customer Care Global ("Defendant") for unlawfully sending unauthorized and unsolicited text messages in an attempt to collect alleged debts, in violation of the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA").

2. Despite Plaintiff never providing express consent to receive text messages and never initiating contact with Defendant, Defendant sent multiple automated text messages attempting to collect alleged debts, causing annoyance, intrusion, and harm to Plaintiff's privacy.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 47 U.S.C. § 227(b)(3), as well as 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred here.

## PARTIES

5. Plaintiff Stacey Lee is a natural person residing in Colton, California.

6. Defendant Customer Care Global is believed to be an entity engaged in debt collection activities, doing business nationwide, including in the State of California. Principal place of business is located at 2500 W Higgins Rd Suite 950 Hoffman Estates, IL 60169.

## FACTUAL ALLEGATIONS

7. Defendant sent multiple unsolicited text messages to Plaintiff's cellular phone number from short code 91526, identifying itself as "Customer Care Global."

8. The messages included language such as "Access Details Online" with links and a phone number for collection-related matters.

9. Plaintiff never provided prior express consent—written or oral—to receive text messages from Defendant, nor did Plaintiff ever have any direct contact or relationship with Defendant before these messages.

10. The messages were not personal, but were commercial and promotional in nature, attempting to collect an alleged debt on behalf of an unidentified client.

11. The messages were sent using an automatic telephone dialing system (ATDS), as evidenced by the generic content, use of a shortcode, and lack of human intervention.
12. At no time did Plaintiff "opt in" to receive such messages, and Plaintiff did not respond to any of them.
13. In a written response, Defendant admitted that they were attempting to collect debts and claimed to have sent an "opt-in text" — a statement contradicted by the nature of the unsolicited messages.
14. Defendant subsequently forgave the alleged debt and closed the account, which constitutes a tacit admission of wrongdoing.

## CLAIM FOR RELIEF

### COUNT ONE: Violation of the FDCPA (15 U.S.C. § 1692 et seq.)

15. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.
16. Defendant violated the FDCPA, including but not limited to:
17. § 1692c(a)(1): Communicating at an unusual time or place without prior consent.
18. § 1692d: Engaging in conduct the natural consequence of which is to harass, oppress, or abuse.
19. § 1692e: Using false, deceptive, or misleading representations.
20. § 1692f: Using unfair or unconscionable means to collect or attempt to collect any debt.
21. As a result, Plaintiff suffered harm including emotional distress, invasion of privacy, and nuisance.

### COUNT TWO: Violation of the TCPA (47 U.S.C. § 227)

22. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.
23. Defendant sent multiple unauthorized text messages to Plaintiff's mobile phone using an automatic telephone dialing system.

24. Defendant did not obtain prior express written consent as required under the TCPA.
25. Each unsolicited message is a separate and distinct violation of the TCPA.
26. Plaintiff is entitled to statutory damages of $500 per violation or $1,500 per willful violation, pursuant to 47 U.S.C. § 227(b)(3)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Statutory damages under the FDCPA pursuant to 15 U.S.C. § 1692k;
b. Statutory damages under the TCPA pursuant to 47 U.S.C. § 227(b)(3);
c. Actual damages where applicable;
d. Costs of litigation and reasonable attorney's fees;
e. Injunctive relief prohibiting further unlawful conduct;
f. Any other relief the Court deems just and proper.

Respectfully submitted,

Dated: 5/7/2025

Stacey Lee

Plaintiff (Pro Se)